**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JAMES A. WILSON,             :
                                    :

      Plaintiff,           :

                                    :           K19M-08-011 JJC

                                    :

      v.                     :

                                    :

WARDEN DANA METZGER, and  :
IMAM MICHAEL WATERS     :

                                    :

      Defendants.      :

## ORDER

Submitted: May 12, 2021
Decided:  June 9, 2021

*Motion for Summary Judgment* **- DENIED**

**AND NOW TO WIT,** this 9th day of June 2021, having considered Plaintiff James A. Wilson's Motion for Summary Judgment and Defendants' response in opposition, **IT APPEARS THAT**:

1. Mr. Wilson, an inmate at the James T. Vaughn Correctional Center, moves for summary judgment against Warden Metzger and Imam Michael Waters. He alleges in his complaint that together they violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. In support of his motion, Mr. Wilson attaches an affidavit alleging, in conclusory fashion, that (1) Warden Metzger and Imam Waters deny him access to adequate religious services, and (2) that Warden Metzger forced him to walk outside in the cold and suffer skin

damage. He seeks summary judgment because he alleges there are no material facts in dispute.

2. In response, Warden Metzger and Imam Waters argue that Mr. Wilson fails to meet his initial burden on summary judgment as to either claim. They also provide an affidavit, discovery responses, and medical records that contradict his allegations. Finally, they cite legal authority that provides that Mr. Wilson fails to state legally cognizable claims.

3. Delaware Superior Court Civil Rule 56(c) provides for summary judgment when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. The movant initially carries the burden of demonstrating that there are no genuine issues of material fact.[1] If the movant meets that burden, then the burden shifts to the non-movant to demonstrate a genuine dispute of material fact.[2] Furthermore, summary judgment is not appropriate when a movant merely reasserts claims from the complaint without further support.[3] Absent further supporting evidence, a self-serving, conclusory affidavit alone is insufficient to justify summary judgment.[4]

4. In Mr. Wilson's affidavit, he contends that the Warden and Imam fail to provide religious services specifically tailored to his beliefs. The affidavit also recites that Imam Waters condemns Mr. Wilson's beliefs and prohibits him from observing certain Nation of Islam practices. Such allegations, with no factual support, do not satisfy Mr. Wilson's initial burden on summary judgment. His conclusory allegations merely mirror those in the complaint. As such, they, alone, do not demonstrate the absence of genuine issues of material fact.

---

[1] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[2] *Id.* at 681.
[3] *Gunzl v. Alvarez,* 2012 WL 6849252, at *1 (Del. Super. Ct. Nov. 30, 2012).
[4] *Abacus Sports Installations, Ltd. v. Casale Constr., LLC*, 2011 WL 5288866, at *2 (Del Super. Ct. July 21, 2011).

5. Mr. Wilson's motion also fails to demonstrate an absence of genuine issues of material fact as to his claim that "Defendant Metzger has policies that causes[sic] Plaintiff to walk outside in cold tempertures [sic] with no coat or sweatshirt to eat in the chow hall."[5]  Given only that conclusory assertion, Mr. Wilson's motion likewise fails to satisfy his initial burden on summary judgment as to his second claim.

6. As a final matter, the Warden and the Imam's summary judgment response included (1) an affidavit, discovery responses, and medical records contradicting Mr. Wilson's conclusory allegations, and (2) legal authority providing that Mr. Wilson states no legally cognizable claims.  The Court need not address whether (1) or (2)  would be independently dispositive because Mr. Wilson fails to meet his *prima facie* burden on summary judgment.

**NOW THERFORE**, for the reasons discussed, Plaintiff James Wilson's motion for summary judgment is **DENIED.**

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge


cc:  James A. Wilson, JTVCC
     Shawn Martyniak, DAG

---

[5] Wilson Aff.

3